IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KUEI JUNG LI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15CV373 |
| DOUGLAS H. BOWERS, SUSAN G. CASEY, PAUL R. BURKE, NORMAN P. CREIGHTON, WILLIAM F. GRANT III, DANIEL R. MATHIS, ROBERT S. MUEHLENBECK, JOHN T. PIETRZAK, SETH RUDNICK, ROBERT H. SCOTT, W. KIRK WYCOFF, ROBERT I. USDAN, SQUARE 1 FINANCIAL, INC., and PACWEST BANCORP, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER AND FINAL JUDGMENT**

This matter comes before the Court on the Plaintiff's Unopposed Motion for Final

Approval of Settlement, Certification of the Settlement Class and Approval of Attorneys'

Fees. (ECF No. 15.)

Pursuant to the Court's Order of January 11, 2016 (the "Scheduling Order"), this

Court (the "Court") held a hearing on March 22, 2016 ("Settlement Hearing"), on the

Stipulation of Settlement (the "Stipulation" or "Settlement"), which was filed on December

24, 2015, in the action captioned above (the "Action", including any action consolidated

therein). The Scheduling Order and the Stipulation were joined and consented to by all

the parties to the Action and are incorporated by reference in this Order and Final

Judgment. Due notice of the Settlement Hearing was given to the Class, as defined in paragraph 4 below, (the "Class"), in accordance with the Scheduling Order, and the notice was adequate and sufficient. The parties to the Action appeared at the Settlement Hearing by their respective attorneys of record and were heard in support of the Settlement of the Action. All other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the notice. The entire matter of the Settlement having been considered by the Court,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      Unless otherwise defined in this Order and Final Judgment, all capitalized terms shall have the meanings set forth in the Stipulation.

2.      The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear concerning the Action (the "Notice") has been given to the Class pursuant to and in the manner directed by the Scheduling Order. Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the Action, the Class, and other persons interested in the Settlement. The Court hereby determines that the form and manner of the Notice provided the best notice practicable under the circumstances and were given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law. The Court further determines that all members of the Class are bound by this Order and Final Judgment.

3. Based on the record in the Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff (as defined below) as a representative plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and their counsel have fairly and adequately protected and represented the interests of the Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Class.

4. The Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class that includes any and all record and beneficial holders of Square 1 common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Square 1 common stock at any time between March 2, 2015 and October 7, 2015 (the effective date of the Transaction) ("Class Period"), but excluding Defendants and their immediate family members, any entity in which any Defendant has

3

a controlling interest, and any successors-in-interest thereto (the "Class"). Further, plaintiff Kuei Jung Li, as a representative of the Class (the "Lead Plaintiff"), is finally certified as the Class representative. The law firms of Levi & Korsinsky, LLP is finally certified as lead counsel to the Lead Plaintiff in the Action ("Lead Counsel").

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment and over all parties to the Action.

7. The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants in the Action and against all members of the Class and, except as provided in the Stipulation and in paragraph 13, below, without fees or costs.

8. Plaintiff and all members of the Class are hereby deemed to fully and completely discharge and release any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind,

4

nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including unknown claims, that Plaintiff or any or all other members of the Class ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity, based on his, her, or its ownership of Square 1 stock during the Class Period, against any of the Released Parties (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of Square 1), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, the Actions, or the subject matter thereof in any court, tribunal, forum or proceeding, including, without limitation, any and all claims which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Transaction or the Agreement, (ii) any deliberations or negotiations in connection with the Transaction or the Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners or advisors, (iii) the

5

consideration to be paid by PacWest to Square 1 in connection with the Transaction, (iv) the consideration to be received by Square 1 from PacWest in connection with the Transaction, (v) the Preliminary Proxy Statements, the Definitive Proxy Statement or any other disclosures made available or filed relating to the Transaction, including claims under state fiduciary duty law or the federal securities laws within the exclusive jurisdiction of the federal courts, (vi) the statutory or fiduciary obligations, if any, of the Released Parties (as defined below) in connection with the Transaction, (vii) any Released Party's aiding and abetting of actual or alleged breaches of statutory or fiduciary obligations by any other person in connection with the Transaction or (viii) any of the allegations in any complaint or amendment(s) thereto filed in the Actions (collectively, the "Released Claims"); provided, however, for the avoidance of doubt, the Released Claims shall not include the right to enforce the Settlement or this Order and Final Judgment.

9.      For purposes of this Order and Final Judgment, each of following persons or entities is a "Released Party," and collectively, they are "Released Parties": Square 1, PacWest, the Individual Defendants, and each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors,

6

consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

10. Defendants are hereby deemed to release Plaintiff and Plaintiff's counsel from all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Action, and shall be barred from asserting same; provided, however, that such releases will not include a release of the right to enforce the Settlement or this Order and Final Judgment (the "Defendants' Released Claims").

11. Any party providing a release (a "Releasing Person") is hereby deemed to waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Releasing Persons of any rights pursuant to Section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides that:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Case 1:15-cv-00373-LCB-LPA   Document 26   Filed 03/22/16   Page 7 of 9

Plaintiff and the members of the Class are deemed to have acknowledged that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

12. The fact of and provisions contained in the Stipulation, this Order and Final Judgment, and all negotiations, discussions, actions, and proceedings in connection with the Stipulation, the MOU and this Order and Final Judgment shall not be deemed or constitute a presumption, concession or an admission by any Party in the Action or any Released Party of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, or received in evidence or otherwise used by any person in the Action, or any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

13. Lead Counsel is hereby awarded attorneys' fees and expenses in the amount of $300,000.00, which sum the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

14. The effectiveness of the Order and Final Judgment and the obligations of Lead Plaintiffs, Lead Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Lead Counsel's application for an award of attorneys' fees and expenses.

15. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims

8

as to all the parties in the Action.

This, the 22nd day of March, 2016.


$\qquad$ /s/ Loretta C. Biggs $\qquad$
United States District Judge